UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case #09-80604-CIV-RYSKAMP/VITUNAC

William Disimone, on his own
behalf and others similarly situated,

      Plaintiff,

vs.

Atlas Service, Inc., et al.,

      Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL

THIS CAUSE comes before the Court pursuant to Plaintiff's Motion to Compel, filed October 19, 2009 **[DE 23]**. Defendant Atlas Services, Inc. ("Defendant") responded on November 2, 2009 **[DE 24]**. Plaintiff replied on November 12, 2009 **[DE 25]**. This motion is ripe for adjudication.

Plaintiff was employed with Defendant as an air conditioner repair technician. Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. § 216(b), seeking alleged unpaid overtime compensation.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Courts construe this language to permit "open disclosure of all potentially relevant information." Burns v. Thiokol Chemical Corp., 483 F.2d 300, 307 (5th Cir. 1973). Relevance under Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct.

2

2380, 2389 (1978). The scope of discovery is limited, however. The information sought must be relevant and not overly burdensome to the responding party. <u>Washington v. Brown & Williamson Tobacco Corp.</u>, 959 F.2d 1566, 1570 (11th Cir. 1992) (citing <u>Trevino v. Celanese Corp.</u>, 701 F.2d 397, 406 (5th Cir. 1983)). Discovery should be tailored to the issues involved in the particular case. <u>Id</u>.

Plaintiff seeks better answers to Interrogatories No. 13 and 14 and Request for Production No. 7.

**Interrogatory Nos. 13 and 14**:

> Please identify all employees of Defendant (including former employees) whose duties were similar to those performed by Plaintiff for Defendant and who were compensated in a manner similar to Plaintiff between April 2007 and the present. For all such individuals, please provide the last known mailing address and telephone number.
>
> Please identify all employees of Defendant (including former employees) whose duties were similar to those performed by Plaintiff for Defendant and who were compensated in a manner similar to Plaintiff between April 2006 and March 2007. For all such individuals, please provide the last known mailing address and telephone number.

Defendant objects on a variety of grounds, including overbreadth, irrelevance, materiality, undue burden and expense and prematurity given that Plaintiff has not received opt-in notice status.

These objections are not well-taken. Interrogatories No. 13 and 14 properly seek the identification (through the provision of employees' names, addresses, and telephone numbers) of all employees who performed similar duties to Plaintiff, and who have been compensated in a

similar manner to Plaintiff while working for Defendant during the relevant two (2) year and three (3) year statute of limitations period. See Donahay v. Palm Beach Tours & Transp., Inc., Case No. 06-61270, 2007 WL 1119206, *1 (S.D. Fla. Apr. 16, 2007) (denying on grounds of overbreadth motion to compel production of personnel files of all employees similarly situated to plaintiff for the previous six years, but noting that a request seeking the names and addresses of said employees would be acceptable). The current and/or former similarly situated employees not only likely have knowledge of the actual hours Plaintiff worked during his employment with Defendants, but these individuals may very well possess knowledge of Defendants' time/record keeping, lunch deduction policies and compensation practices, which will corroborate (or possibly refute) Plaintiff's claims that he and/or other employees were not paid for the full extent of their overtime hours worked. Plaintiff is not required to obtain Opt-In Notice Status before receiving identification of other witnesses who performed the same job duties or who were compensated in a manner similar to Plaintiff. See Hammond v. Lowe's Home Centers, Inc., 216 F.R.D. 666, 671 (D. Kan. 2003) ("provisional certification is not necessarily a prerequisite for conducting limited discovery necessary for defining the proposed class"); Tucker v. Labor Leasing, Inc., 155 F.R.D. 687, 689 (M.D. Fla. Feb. 1, 1994) (same); Dupervil v. Asplundh Construction Co., Case No. 04-81106-CIV-MIDDLEBROOKS (DE 19, p.2) (same). It should not be an "undue burden or expense" to provide the names, last known mailing address and telephone number of these employees, as Defendant is in possession of such information.

**Request for Production No. 7**

Plaintiff requests a better response to Request for Production No. 7, which provides as follows:

4

> All documents or records relied upon as a basis for responding to Plaintiff's First Set of Interrogatories to Defendant.

**Response to Request No. 7:**

> See records previously produced [D.E. #14]: [1] Verified Wage Summary; [2] Statement of Interstate Commerce Engagement; [3] Verification of Wages and Affirmation of Non-Injury Form [BS #78-117]; [4] Dispatcher's Schedule Board [BS #118-308]; [5] compilation of Detail Pay Registers, Detail Deductions, Payroll Time Entries, and Billing Detail Reports [ BS #309, 410-565]; BS #566-609.

Plaintiff claims that Defendant identified several affidavits in its response to Interrogatory No. 9 that are responsive to Interrogatory No. 7.

**Interrogatory No. 9:**

> State whether you or any attorney or representative on your behalf has obtained statements, reports, memoranda or recordings from any person which in any way concerns the facts of this case or the matters alleged in your pleadings.
>
> (a) If your answer is in the affirmative, separately identify the author of each such statement, report memorandum or recording; the person or persons to whom the statement, report, memorandum or recording was issued, distributed or otherwise provided; the present location and custodian of each such statement, report, memorandum or recording; and state the date each such statement, report, memorandum or recording was prepared.

**Response to Interrogatory No. 9:**

> Affidavits executed by Allen Block, Bruce Meyers, Dieunick Aubin, and John Hurley. The affidavits are currently in the possession of Atlas Services, Inc., which were prepared on July 23, 2009, and executed on or about September 10, 2009.

Plaintiff never sought production of these affidavits, however. Interrogatory No. 9 asked for the identification of certain affidavits. Defendant so identified the affidavits. Interrogatory No. 7

5

asked for any documents or records relied on in responding to the interrogatories. Whereas Defendant did not rely on those affidavits in responding to the interrogatories, Defendant did not provide the affidavits. The parties touch on the issue of whether the affidavits are subject to the work-product privilege, but the Court need not address this question because Plaintiff never requested the affidavits in the first place. It is hereby

ORDERED AND ADJUDGED that the Motion to Compel, filed October 19, 2009 [DE 23], is GRANTED IN PART AND DENIED IN PART. Defendant shall respond to Interrogatories No. 13 and 14 but need not respond to Request for Production No. 7. No attorneys' fees are awarded.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 29 day of December, 2009.

_____
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE